tiff electing to stand by his declaration was adjudged to go hence without day and to pay the costs, whereupon he sued out this writ of error.

BITHER, GOFF & FRANCIS, for plaintiff in error.

GEORGE H. MASON, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. RECEIVERS, § 57*—*when receiver or surety is liable for funds.* Neither the principal nor surety on a receivers' bond can be held liable for a failure to pay out funds as such receiver, until it is shown that he has or has had funds in his hands as such receiver.

2. RECEIVERS, § 57*—*when declaration against surety is insufficient.* A declaration in a suit against a surety on a receiver's bond because of the failure of the receiver to pay a certain sum out of funds derived from rents of certain premises is fatally defective, where there is no averment that the receiver ever had in his possession as receiver any rent whatever derived from the premises in question or any other funds from any source.

---

## Samuel W. Winefield, Plaintiff in Error, v. Congregation of the Resurrection et al., Defendants in Error.

### Gen. No. 19,103. (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed November 25, 1914. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Suit by Samuel W. Winefield against the Congregation of the Resurrection, a corporation, and Andrew

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Spetz to compel the execution of a lease in accordance with a receipt agreement. Such agreement acknowledged the receipt of a certain sum of money to be applied on a ninety-nine-year lease of property, stated the terms of such lease and was signed by "Andrew Spetz, C. R.," the initials being alleged to be an abbreviation for "Congregation of the Resurrection." The defendants denied the right of the plaintiff to the relief sought on the ground that the agreement was not the act of the corporation and that Spetz had no authority to contract for it, that the initials in question referred to another corporation and that the agreement was void under the statute of frauds as not signed by the party to be bound by it. The cause was referred to a master in chancery who reported that the contract was void because within the statute of frauds and that the bill should be dismissed. This report was approved by the court and the bill dismissed, whereupon plaintiff sued out error.

ADLER & LEDERER, for plaintiff in error; BERNHARDT FRANK, of counsel.

McARDLE & McARDLE, for defendants in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

CORPORATIONS, § 436*—*when corporation not bound by contract to execute lease.* In a suit to compel the execution of a lease in accordance with the terms of a receipt agreement, findings of a master that the signature to such agreement was not that of the defendant corporation, that certain initials following the name were not intended as the signature of such corporation but signified the membership of the signer in a religious order, that the money received by the signer was not given to the defendant corporation but was tendered back to the plaintiff, were supported by the evidence, and since the writing did not purport to be the undertaking of the defendant religious corporation, dismissal of the bill was proper.

. *See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.